## DEXTER & CARPENTER CO., Inc., v. UNITED STATES.

## UNITED STATES v. DEXTER & CARPENTER CO., Inc.

## THE ALA.

(District Court, S. D. New York. June 19, 1926.)

I. **Shipping** ☞43—**Owner is liable for failure of vessel to sail on agreed date under charter guaranteeing sailing within such time, although failure was not fault of either owner or charterer.**

Under charter guaranteeing vessel would sail on or before certain date, owner is liable for delay, although failure of vessel to sail as agreed was not fault of either owner or charterer.

2. **Shipping** ☞43.

Right to cancel charter guaranteeing vessel would sail on certain date would be implied on failure to sail as agreed, where time was of essence, though vessel was ready to sail shortly after guaranteed date.

3. **Shipping** ☞43—**Demurrage clause held not to affect guaranty in charter as to sailing date.**

Demurrage clause in charter providing that, if required by charterer, lay days for loading should not commence before June 27, held not to affect owner's guaranty therein that vessel would sail on or before June 30.

4. **Shipping** ☞39.

Printed terms in charter party did not take precedence over typewritten words at end, wherein owners guaranteed to sail vessel on or before certain date.

In Admiralty. Libel by the Dexter & Carpenter Company, Inc., against the United States, as owner of the steamship Ala wherein the United States filed a cross-libel. Decree for libelant, and cross-libel dismissed.

Haight, Smith, Griffin & Deming, of New York City (Clarence Bishop Smith, of New York City, of counsel), for libelant.

Emory R. Buckner, U. S. Atty., of New York City (Horace T. Atkins, Sp. Asst. Atty. Gen.), for the United States.

WINSLOW, District Judge. This is an action in admiralty. Dexter & Carpenter Company, Inc., the libelant, chartered the steamship Ala from the United States, hereinafter referred to as the owner, to carry coal from Newport News to Great Britain. The charter, among other things, contained the clause: "Owners guarantee to sail vessel on or before June 30, 1921." The vessel did not sail before June 30, 1921, and the action is brought by the libelant for damages for the alleged breach.

The United States filed a cross-libel for damages, because the charterer would not take the vessel in July. The facts have been stipulated. The most important are as follows:

The charterer had a contract with a foreign purchaser for 6,000 tons of coal "for shipment from the United States on or before June 30, 1921." This was known to the owner. During the second half part of the month of June, 1921, there was a great demand for shipments of coal to the United Kingdom, because of a coal strike in Great Britain, the settlement of which, however, was imminent; but contracts for June shipments were numerous, and the market price for June shipment was much higher than for July. At the time the charter was entered into, there was great congestion and delay in shipments of coal from Hampton Roads and Newport News. The charter in question was dated June 23, the vessel at that time being at Philadelphia. Paragraphs 4 and 22 of the charter are as follows:

"4. Lay days for loading, if required by the party of the second part not to commence before June 27, 1921; otherwise, lay days to commence from time steamer is ready to load (or within 48 hours after readiness to load, if delayed awaiting turn at berth) and master has given notice in writing of such readiness to the party of the second part, or his agent."

"22. * * * Vessel to have privilege of loading 500 tons of tobacco at Newport News, Norfolk, or Hampton Roads. Owners guarantee to sail vessel on or before June 30, 1921."

There is no dispute that the charterer had its coal ready for loading from June 27 to June 30, inclusive. The steamship reported June 27, 1921, at 9 a. m., ready for loading, and was duly entered by the master through the Newport News Coal Exchange, to take her turn in loading. This Exchange had exclusive jurisdiction over the assignment of incoming vessels to turn in berth. Vessels at Newport News are loaded in turn. The actual loading would have consumed from 6 to 12 hours. The owner did not sail the vessel on or before June 30. It is apparent from the record that time was of the essence of the contract, and that a shipment in July would not be a compliance with the contract for June shipment. It is unnecessary to cite authorities for this proposition.

[1, 2] While there are many matters in this case that might well be the subject of inquiry and opinion, it seems to me that the crux of the case is the guaranty on the part of the owner to sail the vessel on or before June 30, 1921. If the charterer had not had the coal ready for loading when required by the terms of the contract, that would have disposed of the case. It may also be argued on behalf of the owner that the ship was tendered within the time limited, and that the failure to load was not the fault of the owner, but was due to the delay in taking its turn in the berth, which order of precedence was not within the control of the owner. The fact that the failure of the vessel to sail, as agreed, was not the fault of either owner or charterer, does not, however, in my opinion, relieve the owner from its explicit guaranty. Cancellation because of delay is not mentioned in the cancellation clause of the charter; but where time is of the essence of the contract, as in this case, I think that does not relieve the owner, and the right to cancel the charter would be implied. The fact that within a few hours after June 30 the vessel might have sailed is no different in principle from an offer for sailing a month after the time limit. Lowber v. Bangs, 69 U. S. (2 Wall.) 728 at page 737, 17 L. Ed. 768; Pedersen v. Pagenstecher (D. C.) 32 F. 841.

[3] The fact of the demurrage clause in the charter could not, to my mind, affect the guaranty to sail within the time limit. The vessel, under this guaranty to sail on or before June 30th, which I think was paramount, took upon herself the risks of all causes that may prevent a compliance with the condi-

tions. Davison v. Von Lingen, 113 U. S. 40, 49, 5 S. Ct. 346, 28 L. Ed. 885.

[4] The cases cited by the government are clearly distinguishable from the present case. The printed terms in the charter party in question cannot take precedence over the typewritten words at the end of the charter, in which the owners guaranteed to sail the vessel on or before June 30, 1921. It is interesting to note that the charterer commenced its action by filing its libel on July 23, 1921, while the government filed its cross-libel more than 4 years later, on September 22, 1925.

For the reasons stated, decree will be in favor of the libelant, Dexter & Carpenter Company, Inc., and against the United States, as owner of the steamship Ala. The cross-libel of the government will be dismissed.

Decree to be settled on notice.